IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:01-CR-71 |
| | : | |
| V. | : | (Judge Kane) |
| | : | |
| FREDDIE SINKLER, JR. | : | (Electronically Filed) |

**RESPONSE TO SECTION 2255 MOTION**

**I.   Procedural History**

On March 7, 2001, the grand jury returned an indictment charging Freddie Sinkler, Jr. ("Sinkler") with distribution and possession with intent to distribute 50 grams and more of cocaine base, in violation of 21 U.S.C. § 841 (a). At his initial appearance on March 27, 2001, Sinkler pleaded not guilty.

On May 7, 2001, Sinkler filed a motion to suppress evidence and supporting brief which sought suppression of 256 grams of crack cocaine, marijuana, cash, and drug paraphernalia that was seized in connection with his arrest on January 7, 2001. Following an evidentiary hearing the Court, on July 27, 2001, filed a memorandum and order denying the motion.

On October 1, 2001, Sinkler pleaded guilty pursuant to the terms of an agreement with the government which preserved his right to appeal the Court's denial of the suppression motion.

On February 19, 2003, the Court sentenced Sinkler to a term of imprisonment of 212 months, directed that he pay a fine of $1500 and a special assessment of $100, and ordered a term of supervised release of five years upon his release.

On February 28, 2003, Sinkler filed a timely Notice of Appeal with the Third Circuit Court of Appeals.

On March 17, 2004, the Third Circuit vacated the Court's order denying Sinkler's Motion to Suppress and remanded the case for a hearing to determine whether the search of Sinkler's backpack was permissible.

On November 23, 2004, following briefing by the parties and a suppression hearing, the Court entered a memorandum opinion and order again denying Sinkler's Motion to Suppress.

On December 22, 2004, Sinkler filed a Notice of Appeal with the Third Circuit from the Court's denial of his suppression motion. The government later filed a motion to dismiss Sinkler's appeal based on the Third Circuit's lack of jurisdiction due to Sinkler's untimely-filed appeal.

On July 21, 2005, the Third Circuit entered an Order granting the government's motion and dismissing Sinkler's appeal as untimely filed. Sanford Krevsky, Esquire ("trial counsel") represented Sinkler throughout the above-described proceedings.

On March 20, 2006, Sinkler filed a form document with the Court entitled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."

In his motion, Sinkler alleges, in part, that trial counsel was ineffective for failure to file a timely appeal.

**II. Issue**

    **A. Did trial counsel's failure to file a timely appeal constitute ineffective assistance of counsel?**

**III. Discussion**

    **A. Under the circumstances of this case, trial counsel's failure to file a timely appeal constituted ineffective assistance of counsel.**

On May 2, 2006, undersigned counsel spoke with trial counsel by telephone. Trial counsel stated that he recalls that Sinkler did instruct him to file an appeal with the Third Circuit in this case and that trial counsel either misapprehended the 10-day federal filing deadline or otherwise failed to file a timely appeal.

Trial counsel's recollection is supported by the fact that Sinkler signed a conditional plea agreement which provided that he preserved his right to appeal the Court's denial of his suppression motion and, if successful, preserved his right to withdraw his guilty plea. It is further corroborated by the fact that Sinkler did appeal the Court's initial denial of his suppression motion and was successful insofar as the Third Circuit remanded the case to the district court for further proceedings.

Criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed in an ineffective assistance

of counsel claim, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness;" *id.* at 688, and (2) that such deficient performance prejudiced the defendant, *id.* at 694.

Further, the Supreme Court has long held that it is professionally unreasonable for a lawyer who is specifically instructed by his client to file an appeal to fail to do so. *Rodriguez v. United States,* 395 U.S. 327 (1969). Moreover, "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have merit." *Peguero v. United States,* 526 U.S. 23, 28 (1999).[1]

Trial counsel's admission concerning his failure to file an appeal bring this case squarely within the holdings in *Rodriguez* and *Peguero.*

Accordingly, the government believes that the Court should issue an order finding trial counsel constitutionally ineffective for failure to file an appeal and schedule a date and time for Sinkler to be re-sentenced, thus re-triggering his right to file an

---

[1] The Supreme Court has declined to adopt a *per se* rule that when no specific instruction to appeal is given, attorneys have a constitutionally imposed duty to consult with a defendant about an appeal. Instead, whether a duty to consult exists absent a specific instruction from a defendant is determined on a case-by-case basis considering the totality of the circumstances. *Roe v. Flores-Ortega,* 528 U.S. 470, 480 (2000). The government believes, however, that *Flores-Ortega* is not applicable to the present case because trial counsel recalls that Sinkler did convey his desire that an appeal be filed and this recollection is corroborated by other circumstances in the case.

appeal with the Third Circuit.[2]

**IV. Conclusion**

For all these reasons, the Court should enter an order finding trial counsel to ineffective, and setting a date and time for Sinkler to be re-sentenced.

> Respectfully submitted,
>
> THOMAS A. MARINO
> United States Attorney
>
>
> s/Christy H. Fawcett
> CHRISTY H. FAWCETT
> Assistant U.S. Attorney
> PA35067
> Christy.Fawcett@usdoj.gov
>
> 228 Walnut Street, Suite 220
> P.O. Box 11754
> Harrisburg, PA 17108
> Phone: (717) 221-4482
> Fax: (717) 221-4493

---

[2] In acknowledging that Sinkler is entitled to this form of *habeas* relief, the government in no way concedes that the claims Sinkler wishes to raise on appeal are either within the jurisdiction of the Third Circuit or meritorious. The government simply acknowledges that under the facts of this case, as candidly admitted by trial counsel, and the applicable Supreme Court precedent, Sinkler's Sixth Amendment right to effective assistance of counsel was denied. The government further understands that the remedy for this constitutional breach is to effectively re-instate Sinkler's right to appeal to the Third Circuit.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1:01-CR-71
: 
**V.** : (Judge Kane)
: 
**FREDDIE SINKLER, JR.** : (Electronically Filed)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 4th day of May 2006, she served a copy of the attached

### RESPONSE TO SECTION 2255 MOTION

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Allen C. Welch, Esquire
1101 N. Front Street
Harrisburg, PA 17102

s/Christina L. Garber
CHRISTINA L. GARBER
Legal Assistant