IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:01-CR-71 |
| v. : | |
| : | (Judge Kane) |
| FREDDIE SINKLER, JR., : | |
| : | |
| Petitioner : | |

**ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 7, 2001, the grand jury returned an indictment charging Petitioner Freddie Sinkler, Jr. with distribution and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). On March 27, 2001, Petitioner pleaded not guilty.

On May 7, 2001, Petitioner moved to suppress evidence seized in the course of his arrest, specifically seeking to suppress more than 250 grams of crack cocaine, along with marijuana, cash and drug paraphernalia, that was seized in connection with his arrest on January 7, 2001. Following an evidentiary hearing, this Court entered an order denying the motion.

On October 1, 2001, Petitioner pleaded guilty pursuant to a plea agreement with the United States, which preserved Petitioner's right to appeal this Court's denial of the suppression motion.

On February 19, 2003, the Court sentenced Petitioner to a term of imprisonment of 212 months, directed that he pay a fine of $1500 and a special assessment of $100, and ordered a term of supervised release of five years upon his release. On February 28, 2003, Petitioner filed a timely notice of appeal with the United States Court of Appeals for the Third Circuit.

On March 17, 2004, the Third Circuit vacated this Court's order denying Petitioner's

motion to suppress and remanded the case for a further hearing to determine whether the search of Petitioner's backpack recovered during the course of his arrest was lawful.

On November 23, 2004, following further briefing by the parties and a second evidentiary hearing, the Court entered a memorandum and order denying Petitioner's motion to suppress.

On December 22, 2004, Petitioner filed a notice of appeal with the Third Circuit, seeking to appeal this Court's denial of his suppression motion. The United States later filed a motion to dismiss Petitioner's appeal on the grounds that Petitioner's failure to file a timely notice of appeal deprived the Third Circuit of jurisdiction to consider the appeal.

On July 21, 2005, the Third Circuit entered an order granting the Government's motion and dismissing Petitioner's appeal as untimely filed. Sanford Krevsky, Esquire ("trial counsel") represented Petitioner throughout all of the above-referenced proceedings.

On March 20, 2006, Petitioner filed a pleading styled as a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. No. 102.) In the motion, Petitioner alleges, <u>inter alia</u>, that trial counsel was ineffective for failing to file a timely appeal.

On May 4, 2005, the Government filed a timely response to Petitioner's motion to vacate in which counsel for the United States represents that she spoke with trial counsel by telephone and that trial counsel acknowledged that Petitioner had instructed him to file an appeal with the Third Circuit, and that he failed to file a timely appeal. The United States represents that trial counsel's recollection is supported by the fact that Petitioner signed a conditional plea agreement that preserved his right to appeal this Court's denial of the suppression motion and, if successful, would have allowed Petitioner to withdraw his guilty plea. Further supporting this recollection is

the fact that Petitioner did, in fact, appeal this Court's initial denial of the suppression motion and was successful insofar as the Third Circuit remanded the case to this Court for further proceedings.

On the basis of the foregoing representations, and upon consideration of the fact that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, and because it is settled law that it is professionally unreasonable for a lawyer to fail to take an appeal when he has specifically been instructed to do so by his client,[1] the Government "believes that the Court should issue an order finding trial counsel constitutionally ineffective for failure to file an appeal and schedule a date and time for Sinkler to be re-sentenced, thus re-triggering his right to file an appeal with the Third Circuit."  (Doc. No. 105.)

Upon consideration of Petitioner's motion to vacate, and the Government's representations regarding her recollection of the proceedings that attended Petitioner's plea agreement and her own contact with trial counsel regarding Petitioner's instructions to file an appeal and trial counsel's failure to do so timely, the Court finds that trial counsel was unreasonably ineffective in failing to timely appeal this Court's order denying Petitioner's motion to suppress, and that the proper means of resolving Petitioner's motion is to find trial counsel constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984) and to set a date and time for Petitioner to be re-sentenced.

---

[1] See Rodriguez v. United States, 395 U.S. 327 (1969); see also Peguero v. United States, 526 U.S. 23, 28 (1999) ("when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have merit.").

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's motion (Doc. No. 102) is **GRANTED**;

2. This Court's Order of February 20, 2003 (Doc. No 60) imposing sentence on Petitioner is **VACATED**;

3. Petitioner will be re-sentenced on July 17, 2006 at 11:30 a.m., in Courtroom No. 4, 8th Floor, Federal Building, Harrisburg, Pennsylvania.


                s/ Yvette Kane
                Yvette Kane
                United States District Judge

Dated: July 7, 2006